# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. _____**

**SHAWN ORNELAS, on behalf of himself and all similarly situated persons,**

    **Plaintiff,**

**v.**

**AMERICAN DISPOSAL SERVICES OF COLORADO, INC.,**

    **Defendant.**

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Shawn Ornelas ("Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for American Disposal Services of Colorado, Inc. (hereinafter "Defendant" or "ADS"), at any time during the relevant statutes of limitations through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.* and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts").

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Colorado Acts claim is asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and a collective action pursuant to Rule 23 and the law of the State of Colorado.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for ADS during the relevant statutes of limitations through the final disposition of this matter, were not paid for all hours worked, and were not paid the proper amount of overtime in violation of state and federal law.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek and twelve (12) hours per work day.

4. Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek and twelve (12) hours per work day.

5. The decision by ADS not to pay the correct amount of overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. ADS knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek and twelve (12) hours per work day.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were (and are) waste disposal drivers responsible for hauling and disposing of waste in Colorado.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Ornelas designated herein be named as the Class Representative for the Colorado Acts Class.

## II.
## THE PARTIES

11. Plaintiff Shawn Ornelas ("Ornelas") was employed by ADS during the relevant time period. Plaintiff Ornelas did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former waste disposal drivers who were employed by ADS at any time from February 1, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ornelas worked and was paid.

13. The Colorado Class Members are those current and former waste disposal drivers who were employed by ADS in the State of Colorado at any time from February 1, 2016, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ornelas worked and was paid.

14. Defendant American Disposal Services of Colorado, Inc. is a Colorado corporation licensed to and doing business in the State of Colorado and may be served with process through its registered agent for service of process: **Corporation Service Company, 1900 W. Littleton Boulevard, Littleton CO 80120.**

---

[1] The written consent of Shawn Ornelas is hereby attached as Exhibit "A."

# III.
# JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et seq.*

16. This Court has supplemental jurisdiction over the additional Colorado state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over ADS because the cause of action arose within this District as a result of ADS's conduct within this District.

18. Venue is proper in the District of Colorado because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Plaintiff and the Putative Class Members worked in and around Denver, Colorado throughout their employment with ADS, which is located in this District.

20. Venue is proper in this this District pursuant to 28 U.S.C. § 1391(b).

# IV.
# ADDITIONAL FACTS

21. ADS provides commercial and residential waste-collection services to its customers in Colorado.

22. Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks to customer locations, collecting waste, and hauling waste, recycling, and other refuse to various landfill or disposal sites throughout the State of Colorado.

23. Plaintiff Ornelas was employed by ADS as a waste disposal driver in Denver, Colorado from approximately February 2018 until June 2018.

24. Plaintiff and the Putative Class Members are non-exempt employees paid an hourly rate for some, but not all, of their hours worked.

25. For example, when Plaintiff worked at least fifty-five (55) hours per week, he was artificially "capped" at (or about) fifty-five (55) hours and was not paid for any hours worked over the cap—despite working in excess of fifty-five (55) hours on a weekly basis.

26. ADS paid this set or "capped" amount, irrespective of the actual hours worked by Plaintiff and the Putative Class Members although Plaintiff and the Putative Class Members regularly worked as many as seventy (70) hours per week.

27. In the event Plaintiff worked under fifty-five (55) hours in a workweek—typically in the event of illness or a holiday—his weekly pay was drastically (and punitively) reduced in a manner not consistent with their hourly rate.

28. ADS paid Plaintiff and the Putative Class in the same manner, artificially reducing their hours and penalizing them when Plaintiff and the Putative Class's hours were beneath a threshold amount.

29. Further, if Plaintiff and the Putative Class Members were late or missed a day of work for any reason, ADS impermissibly deducted $50.00 from their weekly pay.

30. Plaintiff and the Putative Class Members typically worked over forty (40) hours every work week, and regularly worked over twelve (12) hours in a single work day.

31. In addition, ADS paid a weekly $100.00 non-discretionary bonus to Plaintiff and the Putative Class Members if they worked five (5) days in a work week.

32. The $100.00 bonus was included in Plaintiff and the Putative Class Members' pay, did not appear as a bonus on their paystubs, and was not included in their regular rate of pay for the purpose of calculating overtime compensation.

33. ADS's decision to compensate Plaintiff and the Putative Class Members for some, but not all, of their hours worked caused ADS to miscalculate Plaintiff and the Putative Class Members'

overtime compensation such that they did not receive time and one half of their regular rates of pay for all hours worked over forty (40) in a workweek.

34. ADS's failure to include Plaintiff and the Putative Class Members non-discretionary bonuses in their regular rates of pay caused a further miscalculation of their overtime rate of pay such that they did not receive time and one half of their regular rates of pay for all hours worked over forty (40) in a workweek.

35. Because Plaintiff and the Putative Class Members are non-exempt employees, they are entitled to overtime compensation for all hours worked over forty (40) in any workweek.

36. ADS failed to pay Plaintiff and the Putative Class Members their correct overtime rates as a result of widely applicable and illegal pay practices. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but did not receive the correct overtime compensation.

37. The FLSA and Colorado state law mandate that overtime be paid a one and one-half times an employee's regular rate of pay.

38. Accordingly, ADS's pay policies and practices violated (and continue to violate) the FLSA and Colorado state law.

39. ADS's actions constitute willful violations under the FLSA and were not made in good faith.

40. Because ADS did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, ADS's pay policies and practices violate the FLSA.

41. Because ADS did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, and did not pay Plaintiff and the Putative Class

Members time and a half for all hours worked in excess of twelve (12) in a workday, ADS's pay policies and practices also violate Colorado state law.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

42. All previous paragraphs are incorporated as though fully set forth herein.

43. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR AMERICAN DISPOSAL SERVICES OF COLORADO, INC. AT ANY TIME FROM FEBRUARY 1, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

44. At all times hereinafter mentioned, ADS has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45. At all times hereinafter mentioned, ADS has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46. At all times hereinafter mentioned, ADS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47. Specifically, ADS operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts

transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

48. During the respective periods of Plaintiff and the FLSA Collective Members' employment by ADS, these individuals provided services for ADS that involved interstate commerce for purposes of the FLSA.

49. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt waste disposal drivers who assisted ADS's customers throughout the State of Colorado. 29 U.S.C. § 203.

51. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

52. In violating the FLSA, ADS acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

53. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 45.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ADS.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. ADS violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for all hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

57. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of ADS's acts or omissions as described herein; though ADS is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

58. Moreover, ADS knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the correct amount of overtime compensation. 29 U.S.C. § 255(a).

59. ADS knew or should have known its pay practices were in violation of the FLSA.

60. ADS is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

61. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted ADS to pay overtime in accordance with the law.

62. The decision and practice by ADS to not pay the correct amount of overtime was neither reasonable nor in good faith.

63. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

66. Other similarly situated employees have been victimized by ADS's patterns, practices, and policies, which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 43.

68. ADS's failure to pay the correct amount of overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and ADS will retain the proceeds of its rampant violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 43 and notice should be promptly sent.

# COUNT TWO
## (Class Action Alleging Violations of the Colorado Acts)

**A.     COLORADO ACTS COVERAGE**

76.     All previous paragraphs are incorporated as though fully set forth herein.

77.     The Colorado Acts Class is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR AMERICAN DISPOSAL SERVICES OF COLORADO, INC., IN COLORADO, AT ANY TIME FROM FEBRUARY 1, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Colorado Acts Class" or "Colorado Acts Class Members").**

78.     At all times hereinafter mentioned, ADS has been an employer within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

79.     At all times hereinafter mentioned, Plaintiff and the Colorado Acts Class Members have been employees within the meaning of the Colorado Acts, C.R.S. § 8-4-101, *et seq.* and C.R.S. § 8-6-101, *et seq.*

80.     Plaintiff and the Colorado Acts Class Members have been employed by ADS and have been covered employees entitled to the protections of the Colorado Acts and were **_not exempt_** from the protections of the Colorado Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS**

81.     All previous paragraphs are incorporated as though fully set forth herein.

82.     The Colorado Acts require that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* 7 COLO. CODE REGS. § 1103-1(4).

83.     The Colorado Acts further require that employees receive "time and one-half" overtime premium compensation for hours worked over twelve (12) per day. *Id.*

*84.*     Plaintiff Ornelas and other Colorado Acts Class Members have not been exempt from receiving overtime benefits under the Colorado Acts. *See* 7 COLO. CODE REGS. § 1103-1(5)(a).

85. Plaintiff Ornelas and other Colorado Acts Class Members worked more than forty (40) hours in workweeks, and more than twelve (12) hours in a single work day, during times relevant to this complaint, however, ADS violated the Colorado Acts by failing to pay Plaintiff and other class members overtime for all hours worked over forty (40) per week or over twelve (12) per day.

86. Plaintiff Ornelas and the Colorado Acts Class Members have suffered damages and continue to suffer damages as a result of ADS's acts or omissions as described herein; though ADS is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

87. In violating the Colorado Acts, ADS acted willfully, without a good faith basis and with reckless disregard of clearly applicable Colorado law.

88. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Colorado Acts, is defined in Paragraph 77.

89. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of ADS.

C. **COLORADO ACTS CLASS ALLEGATIONS**

90. Plaintiff Ornelas brings his Colorado Acts claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by ADS to work in Colorado.

91. Class action treatment of Plaintiff Ornelas' Colorado Acts claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

92. The number of Colorado Acts Class Members is so numerous that joinder of all class members is impracticable.

93. Plaintiff Ornelas is a member of the Colorado Acts Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

94. Plaintiff Ornelas and his counsel will fairly and adequately represent the class members and their interests.

95. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96. Accordingly, the Colorado Acts Class should be certified as in Paragraph 43.

# VI.
# RELIEF SOUGHT

Plaintiff respectfully prays for judgment against ADS as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 43 and requiring ADS to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Colorado Acts Class as defined in Paragraph 77, and designating Plaintiff Ornelas as Representative of the Colorado Acts Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding ADS liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

f. For an Order pursuant to Colorado state law awarding Plaintiff Ornelas and the Colorado Acts Class Members unpaid wages and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

j. For an Order awarding Plaintiff Ornelas a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of ADS, at ADS's own expense;

l. For an Order providing for injunctive relief prohibiting ADS from engaging in future violations of the FLSA and Colorado state law, and requiring ADS to comply with such laws going forward; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 1, 2019                    Respectfully submitted,

                                          **ANDERSON ALEXANDER, PLLC**

By:    */s/ Clif Alexander*
        **Clif Alexander**
        clif@a2xlaw.com
        **Lauren E. Braddy**
        lauren@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***