**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 19-cv-00288-DDD-NYW

SHAWN ORNELAS,

    Plaintiff,

v.

AMERICAN DISPOSAL SERVICE OF COLORADO, INC.,

    Defendant.

---

### ORDER APPROVING SETTLEMENT AGREEMENT

---

Plaintiff Shawn Ornelas brought this action individually and on behalf of a group of putative class members against Defendant American Disposal Service of Colorado, Inc., asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101, and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101. Specifically, Mr. Ornelas brought two claims: (1) for unpaid overtime in violation of the FLSA; and (2) for unpaid overtime in violation of the CWCA and CMWA.

The matter is before the Court on the parties' motion for approval of their collective action settlement agreement, which resolves all claims. (Doc. 42). The Court **APPROVES** the settlement and **GRANTS** the motion.

## ANALYSIS

When employees file suit against their employer to recover back wages under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee.'" *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). To approve the settlement agreement, the Court must find that "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Thompson v. Qwest Corp.*, No. 17-cv-1745, 2018 WL 2183988, at *2 (D. Colo. May 11, 2018) (quoting *Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-1649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). The Court addresses each factor in turn.

Parties requesting approval of an FLSA settlement must provide the Court with enough information to determine whether a bona fide dispute exists. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010). To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime;

(4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008)). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.*

The Court is satisfied the settlement agreement is the product of a bona fide dispute. Mr. Ornelas is a former waste disposal worker for American Disposal and alleges that American Disposal violated the FLSA and Colorado acts by, among other things, improperly capping his and other American Disposal workers' overtime at 55 hours per week. American Disposal denies Mr. Ornelas' allegations, arguing that, on the advice of counsel, it believed its pay practices were reasonable. Defendants further contend that its payroll records reflect that Mr. Ornelas and others similarly situated were properly compensated for their work. In the light of this disagreement, Mr. Ornelas filed the instant action. If his allegations were proven true, Mr. Ornelas would be entitled to damages and fees. After mediation, the parties filed their settlement agreement, the subject of this order. These allegations represent a bona fide dispute.

An FLSA settlement must also be fair and reasonable, meaning it must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Davis v. Crilly*, 292 F. Supp. 3d at 1173. Courts weigh a number of factors on this consideration, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the prob-

ability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.* (citing *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11-cv-344, 2013 WL 1897027, at *2 (E.D. Va. Apr. 12, 2013). There is a strong presumption in favor of finding a settlement fair. *Id.*

The settlement agreement meets this standard. The settlement agreement was formally negotiated through an arms-length mediation with a wage-and-hour mediator after Mr. Ornelas filed suit and the parties exchanged informal discovery. *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that a "mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"); *In re Molycorp, Inc. Sec. Litig.*, No. 12 Civ. 292, 2017 WL 4333997, at *4 (D. Colo. Feb. 15, 2017) ("Utilization of an experienced mediator during the settlement negotiations supports a finding that the settlement is reasonable, was reached without collusion and should therefore be approved" and collecting cases). In addition, even though each party no doubt believes it would have prevailed at trial, neither was assured a victory. *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009). ("The presence of such doubt augurs in favor of settlement because settlement creates a certainty of some recovery, and eliminates doubt, meaning the possibility of no recovery after long and expensive litigation."). There is no evidence of fraud, and the lengthy litigation that could have ensued absent the settlement agreement is not substantially likely to have yielded a better result for Mr. Ornelas. In the end, the settlement agreement here reflects the risks each party would have borne in litigation.

Finally, the Court is satisfied that the award of attorneys' fees in the settlement agreement in the amount of a 40-percent contingency is reasonable and within the prevailing standards for hour-and-wage litigation. *See Vaszlavik v. Storage Corp.*, No. 95-B-2525, 2000 WL 1268824, at *2 (D. Colo. Mar. 9, 2000) (finding that 20-percent to 50-percent contingency fees are the norm in class litigation and that a 30-percent contingency was reasonable). *Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884-KMT-MEH, 2013 WL 6022972, at *5–*6 (approving a contingency fee and expense award totaling 39% of total fund).

## CONCLUSION

For the foregoing reasons, the motion for approval of settlement agreement (Doc. 42) is **GRANTED**. The settlement agreement is **APPROVED**. It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated: February 20, 2020.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge